1
2
3
4
5
6
7
8       UNITED STATES DISTRICT COURT
9       SOUTHERN DISTRICT OF CALIFORNIA
10

11  THOMAS SHOUP, an individual,                Case No.: 24-CV-1776 JLS (AHG)

12                              Plaintiff,      **ORDER GRANTING IN PART AND**
13  v.                                          **DENYING IN PART DEFENDANT'S**
                                                **MOTION TO DISMISS AND**
14  JAG WELDING, FAB & SERVICES,                **DEFENDANTS' MOTION TO**
    INC., a Texas Corporation, et al.,          **QUASH SERVICE PURSUANT TO**
15                                              **CIVIL LOCAL RULE 7.1(f)(3)(c)**
                                Defendants.
16
17                                              (ECF No. 25)
18
19

20          Presently before the Court is Defendant JAG Welding, FAB & Services, Inc.'s

21  Motion to Dismiss the Unserved Defendants and Defendants Mike McQueen and Jessica

22  Cannon's Motion to Quash Service and or Dismiss ("Mot.," ECF No. 25).   Plaintiff

23  Thomas Shoup did not file any response to the Motion. *See generally* Docket.  On April 17,

24  2025, the Court took the Motion under submission without oral argument pursuant to Civil

25  Local Rule 7.1(d)(1).  ECF No. 26.  Having carefully considered the arguments and the

26  applicable law, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants'

27  Motion.

28  / / /

# BACKGROUND

This case stems from a falling out between Plaintiff Thomas Shoup and Defendant JAG Welding, FAB & Services, Inc. ("JAG"), a business that Shoup helped to create in early 2021. ECF No. 1 ("Compl.") ¶¶ 17–19.[1]  As part of his employment with JAG, Shoup entered into an Employment, Confidentiality, and Non-Compete Agreement ("Agreement") whereby Shoup "would primarily provide marine welding services for JAG" and serve as Vice President of Operations in exchange for 400 shares of non-voting stock representing a 40% ownership interest in the company. *Id.* ¶¶ 18–22.  The formation of JAG was aided by Defendant Douglas Huff who was described to Shoup "as a banker and mentor capable of assisting with business formation or investment." *Id.* ¶ 17.

After Shoup, in early 2024, reevaluated the terms of the Agreement, his relationship with the company soured.  Although certain individuals associated with JAG were at first receptive to Shoup's interest in renegotiating the terms, *id.* ¶ 24, Shoup alleges that "JAG began fabricating alleged shortcomings and failures in Plaintiff's and [sic] performance," which eventually resulted in Shoup's termination from his position with the company, *id.* Because Shoup's termination was characterized as "for cause" by JAG, certain termination provisions of the Agreement were triggered that significantly reduced Shoup's ownership interest. *Id.* ¶ 27.  Shoup alleges, among other things, that his termination was wrongful and that he was deprived of over $5 million in company equity. *Id.* ¶ 29.

Shoup initiated this action on September 26, 2024, in San Diego Superior Court against JAG and seven individuals associated with the company.  *See* Docket.  Those individuals are: (1) Douglas Huff, President of three JAG subsidiaries; (2) Timothy Jagielski, JAG's Executive Vice President; (3) Charles Minton, JAG's Chief Administrative Officer; (4) Mike McQueen, Douglas Huff's secretary; (5) Jessica Cannon, JAG's head of Human Resources and Payroll; (6) Andrew Minton, a JAG Accounting

---

[1] The Complaint—which was embedded within Defendant's Notice of Removal—was not separately filed as an individually paginated exhibit.  Thus, all references to the Complaint refer to the Notice of Removal (ECF No. 1), beginning on page ten (10) as identified by the CM/ECF pagination in the top right corner.

Specialist; and (7) Josh Huff, JAG's General Counsel.  Compl. ¶¶ 5–11.  Shoup asserts nine causes of action, all under California state law, and he seeks monetary and injunctive relief.  *Id.* ¶¶ 34–98; Compl. at Prayer for Relief.  JAG removed the case to this Court on October 4, 2024, *see* ECF No. 1, and Defendants filed the instant Motion on March 10, 2025, *see* Mot.  In the Motion, the individual Defendants ask the Court to dismiss the case against them due to Shoup's failure to properly serve them with process under Federal Rule of Civil Procedure 4.  Mot. at 5–7.  In the alternative, Defendants Mike McQueen and Jessica Cannon ask the Court to quash service of process because they were served only with the California-court-issued summons *after* the case was removed to federal court.  *Id.* at 7–8.

## LEGAL STANDARDS

### I.     Local Rule 7.1(f)(3)(c)

Under Civil Local Rule 7.1(f)(3)(c), "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."  Civil Local Rule 7.1(e)(2) requires the party against whom a motion is filed to file an opposition or statement of non-opposition no later than fourteen days prior to the motion's noticed hearing.  Where a party files neither an opposition nor a statement of non-opposition to a motion, Civil Local Rule 7.1(f)(3)(c) permits the Court, in its discretion, to summarily grant that motion.  *See United States v. Warren*, 601 F.2d 471, 473 (9th Cir. 1979) (per curiam); *see also Park v. Washington Mut. Bank*, No. 10 CV 1548 MMA AJB, 2010 WL 4235475, at *1 (S.D. Cal. Oct. 21, 2010) (summarily granting a motion to quash service under Rule 12(b)(5)); *Anderson v. Does 1-6*, No. 18CV2137-JAH (WVG), 2019 WL 1017611, at *1 (S.D. Cal. Mar. 4, 2019) (summarily granting a motion to dismiss); *Holandez v. Ent., LLC*, No. EDCV211755JGBSHKX, 2023 WL 2559209, at *3–4 (C.D. Cal. Jan. 5, 2023) (summarily granting, under a similar local rule, a motion for conditional certification of a collective action).

"[Civil Local Rule 7.1(f)(3)(c)] is designed to relieve the court of the burden of

reviewing the merits of a motion without the benefit of full briefing, because such a review requires a significant amount of scarce judicial time." *Luna v. U.S. Bank, N.A.*, No. 09-CV-2807-L NLS, 2011 WL 1099795, at *1 (S.D. Cal. Mar. 24, 2011). Moreover, by empowering district courts to decline to rule "upon issues which remain unfocused" and which lack "that clear concreteness" provided by the "clash of adversary argument exploring every aspect of a multifaceted situation embracing conflicting and demanding interests," Civil Local Rule 7.1(f)(3) serves the same goals that underlie prudential restrictions on federal courts' issuance of advisory opinions. *See United States v. Fruehauf*, 365 U.S. 146, 157 (1961); *United States v. Windsor*, 570 U.S. 744, 759–60 (2013).

A district court's exercise of discretion pursuant to Civil Local Rule 7.1(f)(3)(c) is informed by the factors outlined in *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). These factors include "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Id.* (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).

## II.    Rule 12(b)(5)

A district court cannot exercise jurisdiction over a defendant without proper service of process. *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Secs. & Exch. Comm'n v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007). Federal Rule of Civil Procedure 12(b)(5), therefore, authorizes a defendant to raise by motion the defense of "insufficient service of process." Fed. R. Civ. P. 12(b)(5). Once a defendant challenges service, the plaintiff bears the burden of establishing valid service pursuant to Federal Rule of Civil Procedure 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

If the plaintiff is unable to satisfy his burden of demonstrating effective service, a court may either dismiss the action or quash service and allow the plaintiff to serve the defendant again. *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976). "Where it appears that effective service can be made and there is no unfair prejudice to the

defendant, quashing service rather than dismissing the action, and leaving the plaintiff free to effect proper service, is the appropriate course." *Wick Towing, Inc. v. Northland*, No. C15-1864JLR, 2016 WL 3461587, at *2 (W.D. Wash. June 21, 2016) (citing *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992)).

## ANALYSIS

Defendants' Motion was set for hearing on April 24, 2025, at 1:30pm. *See* Mot. at 1. Civil Local Rule 7.1(e)(2) therefore required Shoup to respond by April 10, 2025. Yet Shoup filed no response to the Motion, even after the Court took the Motion under submission on April 17, 2025, and noted the lack of an opposition. *See* ECF No. 26. As Shoup did not respond within the time set by Civil Local Rule 7.1.(e)(2), the Court proceeds to its analysis of whether the *Ghazali* factors support granting Defendants' Motion pursuant to Civil Local Rule 7.1(f)(3)(c). They do.

The public's interest in the expeditious resolution of litigation and the public policy favoring disposition of cases on their merits cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (reasoning that policy favoring merits determination weighs against dismissal). But the remaining factors all counsel in favor of granting Defendants' Motion, particularly where, as here, the Court elects the less drastic sanction of quashing service of process as compared to dismissal of the case. *See Scottsdale Ins. Co. v. Hamerslag*, No. 23-CV-780 JLS (AHG), 2023 WL 7434967, at *4 (S.D. Cal. Nov. 9, 2023) (deciding in favor of quashing service of process rather than dismissal where the plaintiff failed to oppose the defendant's motion). Importantly, Shoup's noncompliance is not excusable merely because he has no legal representation. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 (9th Cir. 1986) (reasoning that even a *pro se* litigant is not entitled to a warning of the consequences of failing to file an opposition).

Accordingly, the balance of the *Ghazali* factors weighs in favor of granting Defendants' Motion. The Court will quash Shoup's previous attempts at service upon

Mr. McQueen and Ms. Cannon and order Shoup to re-serve all Defendants.  *See Pathak v. Omaha Steaks Intl, Inc.*, No. 10-7054 RSWL RZX, 2011 WL 1152656, at *2 (C.D. Cal. Mar. 28, 2011); Fed. R. Civ. P. 4(m) (noting that where a plaintiff has not served a defendant within 90 days, a court may "order that service be made within a specified time").  Whether or not Shoup elects to further prosecute this case against the individual Defendants bears heavily on how the Court may resolve JAG's other Motion to Dismiss, which has been pending since October 2024.  *See* ECF No. 7 (requesting dismissal of this case on *forum non conveniens* grounds, or alternatively, transfer to a federal district court in Texas).

## CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss the Unserved Defendants and Motion to Quash Service (ECF No. 25).  The Court **QUASHES** Shoup's attempted service on Defendants and **GRANTS** Shoup <u>thirty (30) days</u> from the electronic filing date of this Order to serve all individual Defendants in compliance with Federal Rule of Civil Procedure 4, which is operative now that the case is in federal court.  Fed. R. Civ. P. 81(c) (dictating that the federal rules "apply to a civil action after it is removed from a state court"); *Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967) (requiring the plaintiff to obtain a new summons from the federal court if the defendant had not been properly served prior to removal).  The Court otherwise **DENIES** Defendants' Motion.  The Court also warns Shoup that if he fails to comply with the above deadline, the Court will dismiss this action without prejudice with respect to the individual Defendants for failure to prosecute in compliance with a court order and for failure to serve process in accordance with Federal Rule of Civil Procedure 4.

**IT IS SO ORDERED.**

Dated:  April 25, 2025

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

7